**Casimer LEBEAU and Vernon Ashley, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. 99–4106.**

United States District Court, D. South Dakota, Southern Division.

Jan. 8, 2004.

John M. Grossenburg, Winner, SD, for Plaintiff.

Jan L. Holmgren, United States Attorney's Office, Sioux Falls, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

Plaintiffs filed an Amended Motion for Attorney Fees and Costs, Doc. 152, to recover attorneys fees and expenses in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), incorporating Plaintiffs' original motion, affidavit of counsel, itemized bill and brief in support of the motion, Doc. 136, 137 and 138. Plaintiffs also filed a Motion for Fees and Expenses Under the Equal Access to Justice Act, Doc. 153, for attorney fees and expenses incurred for services by another attorney. The motions have been fully briefed and will be decided based upon the written record.

## BACKGROUND

The judgment in this action became final, as defined by 28 U.S.C. § 2412(d)(2)(G), because the United States Court of Appeals for the Federal Circuit dismissed the appeals upon agreement of the parties. *See LeBeau v. United States,* Nos. 03–1316, 03–1317, 70 Fed.Appx. 566 (Fed.Cir. July 11, 2003).

The first attorney to represent Plaintiffs in this action was Rick Johnson from Gregory, South Dakota. On October 1, 1999, attorney J.M. Grossenburg also filed a Notice of Appearance on behalf of the Plaintiffs. Johnson filed a formal Notice of Withdrawal as Counsel on January 10, 2001.

In the motion relating to Johnson's fees and expenses, Plaintiffs submit an itemized statement providing that 81.75 hours were worked in this case, that Johnson's normal hourly rate is $175.00 and that there were

miscellaneous expenses in the amount of $432.27.

In the motion relating to Grossenburg's fees, Plaintiffs seek an award of fees and expenses in the amount of $65,852.34, which consists of 429 hours at $150.00 per hour plus out of pocket costs in the amount of $1,502.34. In their reply brief, Plaintiffs agreed to reduce the requested hourly rate to $125.00 (the attorney fee cap imposed by 28 U.S.C. § 2412(d)(2)(A)), strike certain time entries objected to by the Government, totaling 8.75 hours, and to strike their entire request for out of pocket costs in the amount of $1,502.34. Thus, Plaintiffs' revised request for Grossenburg's attorney fees is $52,581.25, consisting of 420.65 hours at the hourly rate of $125.00

The items objected to by the Government, which have not been withdrawn by Plaintiffs, fall into three categories: (1) attorney fees for Rick Johnson after he withdrew as Plaintiffs' counsel; (2) attorney fees for activities generated by the intervenor Tribes because the United States did not control the actions of the intervenors; (3) attorney fees for background information to familiarize Mr. Grossenburg in the area of law relevant to this action, including the *Loudner*[1] case; and (4) billing clerical work at an attorney's rate.

Johnson, who initially represented Plaintiffs, has agreed to withdraw his fee application for all fees and expenses after Mr. Grossenburg assumed charge of the case "provided that the Government would not object to inclusion of that time in any later *Loudner* fee applications." (Affidavit of Rick Johnson, Doc. 159.) Plaintiffs contend the Government's objection to attorney fees incurred in relation to issues raised by the intervenor Tribes is unsupported by the facts in this case. In addition, Plaintiffs assert it was essential for Mr. Grossenburg to understand and follow the *Loudner* litigation because that was the genesis for this litigation. Finally, Plaintiffs counter that the facts do not support the Government's contention that Mr. Grossenburg billed clerical work at an attorney's rate.

## DISCUSSION

▆▆▆ The EAJA permits most parties who prevail against the United States in civil litigation to recover costs. *See* 28 U.S.C. § 2412(a) (1994). The EAJA also permits those parties to recover attorney fees and some litigation expenses unless "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (Supp.2003). "A substantially justified position is one that is clearly reasonable, well founded in law and fact, and solid, even if it is not necessarily correct." *Harmon v. United States*, 101 F.3d 574, 586–87 (8th Cir.1996); *see Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir.1995). The United States bears the burden of proving that its position was substantially justified. *See Harmon*, 101 F.3d at 586. The EAJA defines "position of the United States" as "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreason-

---

1. *Loudner v. United States*, CIV 94–4294 (D.S.D.) For a full description of the relation between this action and the *Loudner* action, the Court refers the reader to its decision in this case reported at *LeBeau v. United States*,

215 F.Supp.2d 1046 (D.S.D.2002) and the Eighth Circuit's decision in the *Loudner* case reported at *Loudner v. United States*, 108 F.3d 896 (8th Cir.1997).

ably protracted the proceedings." 28 U.S.C. § 2412(d)(2)(D) (1994); *see Moseanko v. Yeutter*, 944 F.2d 418, 427 (8th Cir.1991). In addition, the EAJA provides that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B) (1994).

In an effort to establish that its position was substantially justified, the Government focuses on its litigation position in this action. The Government also contends in its opposition to Plaintiffs' attorney fees' motions that the Bureau of Indian Affair's ("BIA") position upon which this action is based was substantially justified because it diverted limited resources of the BIA to distributions that would benefit the most people, i.e. distribution to the Tribes. The explanation for the years of delay in disbursing the Judgment Fund after the distribution act was passed in 1972 was that the Plaintiffs and their fellow lineal descendants did not have enough political clout or Tribal support to convince the BIA to spend its time and resources to finalize the roll for distribution of the Judgment Fund. *See LeBeau v. United States*, 215 F.Supp.2d 1046, 1059–61 (D.S.D.2002). As the Court ruled in this action, "[w]hile the Court recognizes that governmental agencies are not free from political pressure and are subject to budgetary restrictions, the BIA's lack of diligence in preparing the roll and distributing the Judgment Fund because of a lack of political pressure from any Tribe violated the defendant's duties to the lineal descendants as trustee of the fund." *Id.* at 1060. While the United States may have been substantially justified in asserting various positions in this litigation, includ-

ing the statute of limitations defense, the United States has not carried its burden of proving that the BIA's failure to timely act in disbursing the Judgment Fund at issue in this litigation was substantially justified. The BIA's failure to act was not clearly reasonable based upon either the facts or the law. Instead, the BIA's failure to act was clearly not reasonable under these facts. The squeaking wheel got the grease. These Native Americans did not have the power to be a squeaking wheel. Moreover, there are no special circumstances that make an award unjust in this case. Thus, Plaintiffs are entitled to an award of attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

█ The United States contends that fees should be denied for services provided by attorney Rick Johnson because he failed to allege the position of the United States was not substantially justified. The Court disagrees. Although not as clearly stated as it could have been, it is stated in the Brief In Support of Motion for Fees and Expenses, Doc. 154, filed by Johnson that Plaintiffs are entitled to recover attorney fees and costs under 28 U.S.C. § 2412(d). Johnson then quoted 28 U.S.C. § 2412(d)(1)(A), providing for an award of attorney fees and expenses unless the court finds the position of the United States was substantially justified. The Court finds that Johnson's submissions meet the requirements of 28 U.S.C. § 2412(d)(1)(B) of alleging the position of the United States was not substantially justified. It is also clear to the Court that Johnson was doing some of the thinking and strategizing in the case until he withdrew as one of the counsel of record on January 10, 2001. This is not easy, garden-variety litigation and Plaintiffs should recover fees for his legal services until he withdrew.

The second issue regarding Johnson's fees relates to whether Plaintiffs may recover attorney fees for Johnson after he filed a formal withdrawal of his representation of Plaintiffs on January 10, 2001, Doc. 56. Grossenburg had previously filed a Notice of Appearance on behalf of the Plaintiffs on October 1, 1999, Doc. 8. Thus, after Johnson filed a formal withdrawal of representation. Grossenburg assumed sole representation of Plaintiffs. Johnson conditions withdrawal of the request for his fees after Grossenburg assumed representation of Plaintiffs on the Government's willingness not to object to recovery of those fees in the related action, *Loudner v. United States*, CIV 94–4294 (D.S.D.). The Court will not award attorney fees in this action for Johnson's legal services after he filed his formal Notice of Withdrawal of Counsel, Doc. 56, on January 10, 2001, because Johnson was no longer representing Plaintiffs in this action after that date. Specifically, Johnson was not representing the Plaintiffs in this action when he attended the trial in this action. The Court will not, however, make a determination in this case whether the *Loudner* Plaintiffs may be entitled to an award for Johnson's fees and expenses in that case.

Plaintiffs are entitled to recover attorney fees, limited to $125.00 per hour, for Johnson's services that they incurred prior to Johnson's formal withdrawal. The Court will not award fees for three specific time entries in Johnson's Affidavit because they relate to issues or persons distinct from the issues and Plaintiffs in this case: .15 hours on May 3, 2000; .15 hours on June 1, 2000; and .50 hours on June 9, 2000. Thus, Plaintiffs are entitled to an award of attorney fees in the amount of $7,512.50 (60.1 hours × $125 per hour) for Johnson's legal services in this action before he filed a formal Notice of Withdrawal of Counsel on January 10, 2001. Listed in the "Additional Charges" section of Johnson's itemized statement is $200.00 for research by Robert C. Scremin at the beginning of this case. This amount will be allowed as attorney fees. The only expense that will be disallowed by the Court is for a telephone call from Johnson to Grossenburg on July 9, 2003, because that occurred after Johnson was no longer representing the Plaintiffs in this action. Plaintiffs are entitled to an award of $7,734.77 for attorney fees and expenses based upon Johnson's itemized statement.

The Government argues that Plaintiffs should not be awarded attorney fees for the time Plaintiffs' attorney, Grossenburg, spent in responding to issues raised by the Intervenor–Tribes. The Court disagrees. Plaintiffs were required to respond to the issues raised by the Intervenor–Tribes or this action could have been dismissed. Although the Government did not raise the issues asserted by the Tribes during the civil litigation, if it had not been for the BIA's failure to act discussed above, Plaintiffs would not have incurred these attorney fees. Thus, the BIA's failure to act, upon which this case is based, caused Plaintiffs to incur these legal fees and they are entitled to an award of the attorney fees incurred in responding to the Intervenor–Tribes' claims in this action. *See* 28 U.S.C. § 2412(d)(1)(A) (providing that a prevailing party shall recover "fees and other expenses, in addition to any costs awarded pursuant to subsection (a), *incurred by that party in any civil action* . . . ." (emphasis added)).

Several additional objections are made to Grossenburg's itemized statement. Plaintiffs have agreed to strike several of the entries specifically objected to by the Government, for a total of 8.75 hours. The Court has reviewed Plaintiffs' revised request and finds that those attorney fees were incurred by Plaintiffs in this

action and that Plaintiffs are entitled to an award for the attorney fees as set forth in Plaintiffs' Reply Brief, Doc. 158, filed on September 17, 2003, except that they are entitled to recover fees for Grossenburg's services at his normal hourly rate of $100.00 rather than Plaintiffs' request of $125.00 per hour. Based upon the Court's familiarity with the issues in both this case and *Loudner*, CIV 94–4294 (D.S.D.), the Court finds it was necessary for Grossenburg's representation of the Plaintiffs in this action to be familiar with and to monitor the *Loudner* litigation. The task descriptions for the fees requested in this case are adequate and the Court does not find that Grossenburg billed attorney rates for clerical work. Thus, Plaintiffs are entitled to an award of attorney fees based upon Grossenburg's itemized statement, Doc. 137, decreased by the amounts conceded by Plaintiffs in their Reply Brief, Doc. 158, and decreased by $25.00 per hour based upon Grossenburg's affidavit that his normal hourly rate is $100.00 per hour. The total award for Grossenburg's fees is $42,065.00 (420.65 hours × $100.00 per hour). Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Amended Motion for Fees and Expenses, Doc. 152, is granted in part as follows: Plaintiffs are awarded $42,065.00 for J.M. Grossenburg's fees incurred in this action. The motion is denied in all other respects.

2. That Plaintiffs' Motion for Fees and Expenses Under the Equal Access to Justice Act, Doc. 153, is granted in part as follows: Plaintiffs are awarded $7,734.77 for attorney fees and expenses for Rick Johnson's fees and expenses incurred in this action. The Motion is denied in all other respects.